1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TONY BLACKMAN, | No.  1:24-cv-00983 GSA (PC) |
| 12                    Plaintiff, | <u>ORDER AND FINDINGS AND</u> <u>RECOMMENDATIONS</u> |
| 13          v. | ORDER DIRECTING CLERK OF COURT TO |
| 14  BRYAN D. PHILLIPS, et al., | ASSIGN DISTRICT JUDGE TO THIS MATTER |
| 15                    Defendants. | ORDER RECOMMENDING THAT: |
| 16 | (1) PLAINTIFF'S APPLICATION TO |
| 17 | PROCEED IN FORMA PAUPERIS BE DENIED PURSUANT TO 28 U.S.C. § 1915(g) |
| 18 | (ECF No. 2) |
| 19 | |
| 20 | (2) PLAINTIFF BE REQUIRED TO PAY FILING FEE IN FULL PRIOR TO PROCEEDING ANY FURTHER WITH THIS |
| 21 | ACTION |
| 22 | PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |
| 23 | |

24

25          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1,

26

2, 5.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

27

636(b)(1)(B) and Local Rule 302.

28

1

For the reasons stated below, the undersigned will recommend consistent with 28 U.S.C. § 1915(g):  (1) that Plaintiff's application to proceed in forma pauperis be denied, and (2) that he be required to pay the filing fee in full prior to proceeding any further with this matter.  The Clerk of Court will also be ordered to randomly assign a District Judge to this matter.

I.     BACKGROUND

On October 8, 2010, in Blackman v. Rocha, No. 1:10-cv-01824 LJO SMS ("Rocha"), Plaintiff was identified as a three strikes litigant within the meaning of 28 U.S.C. § 1915(g), and it was determined that he did not meet the imminent danger exception.  Rocha, ECF No. 4.  The Rocha Court took judicial notice of the following cases and identified them as strikes:

- Blackman v. Hartwell, No. 1:99-cv-05822 REC HGB  (E.D.  Cal. Mar. 12, 2001) (dismissed for failure to state a claim);
- Blackman v. Medina, No. 3:05-cv-05390 SI (N.D. Cal. Mar. 13, 2006 (dismissed for failure to state a claim);
- Blackman v. Variz, No. 3:06-cv-06398 SI (N.D. Cal. Dec. 18, 2006) (dismissed for failure to state a claim), and
- Blackman v. Taxdahl, No. 1:04-cv-06389 AWI LJO  (E.D.  Cal. May 18, 2007) (dismissed  for failure to state a claim).

Rocha, ECF No. 4 at 1-2, n.1.  As a result, Plaintiff's case was dismissed without prejudice to Plaintiff refiling the matter along with the full filing fee.  See id. at 2.

On August 21, 2024, Plaintiff's complaint along with an application to proceed in forma pauperis were docketed.  ECF Nos. 1, 2.  Upon review of the Rocha Court's determination that Plaintiff is a three strikes litigant, the undersigned ordered Plaintiff to show cause why he should not be required to pay the filing fee in full prior to proceeding any further with this action.  See ECF No. 6.  As an alternative to filing the showing of cause, Plaintiff was also given the opportunity to pay the filing fee in full.  He was given twenty-one days to take either course of action and was cautioned that failure to comply with the Court's order within the time allotted might result in a recommendation that this matter be dismissed.  Id. at 3.

2

1    To date, Plaintiff has not filed a showing of cause, nor has he filed a request for an

2    extension of time to do so—nor has Plaintiff paid the filing fee in full.  He has not responded to

3    the Court's order in any way.

4        II.    DISCUSSION

5            A.  Applicable Law

6        28 U.S.C. § 1915(g) states:

7

8        In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
         or proceeding under this section if the prisoner has, on 3 or more prior occasions,
9        while incarcerated or detained in any facility, brought an action or appeal in a
         court of the United States that was dismissed on the grounds that it is frivolous,
10       malicious, or fails to state a claim upon which relief may be granted, unless the
         prisoner is under imminent danger of serious physical injury.

11

12   28 U.S.C. § 1915(g).

13           B.  Analysis

14

15       A three strikes litigant must pay the filing fee for a complaint in full prior to proceeding

16   any further in an action *unless* he is in imminent danger of serious physical harm at the time he

     files the complaint, and the imminent harm is related to the violations of right alleged that are
17
     alleged in the complaint.  See 28 U.S.C. § 1915(g) (imminent danger requirement); Ray v. Lara,
18
     31 F.4th 692, 700 (9th Cir. 2022) (nexus with alleged violations of right requirement).  To the
19
     extent that the Court is able to understand Plaintiff's complaint, it does not appear that he has
20
     made a plausible assertion in the complaint that he is in imminent danger of serious physical
21
     harm.  See generally ECF No. 1.  This fact, as well as the fact that Plaintiff has neither filed a
22
     showing of cause that disputes his three strikes litigant status, nor paid the filing fee in full,
23
     warrants an order that:  (1) denies Plaintiff's application to proceed in forma pauperis, and (2)
24
     requires Plaintiff to pay the filing fee in full prior to proceeding any further with this action.  See
25
     generally 28 U.S.C. § 1915(g).
26
         Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
27
     District Judge to this matter.
28

                                             3

1    IT IS FURTHER RECOMMENDED that:

2        1.   Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED, and

3        2.   Consistent with Plaintiff's three strikes litigant status as defined in 28 U.S.C. §

4    1915(g), Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this

5    action.

6        These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, Plaintiff may file written objections

9    with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

10   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

11   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

12   (9th Cir. 1991).

13

14

     IT IS SO ORDERED.
15

16    Dated:   **September 29, 2024**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

                                           4